# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTOINE M. BLACK,** : | Civil Action No. 1:11-CV-1912 |
|     Plaintiff, : | |
| : | (Judge Conner) |
| v. : | |
| : | |
| **THE CITY OF HARRISBURG,** : | |
| **PENNSYLVANIA, DETECTIVE** : | |
| **DONALD HEFFNER and UNKNOWN** : | |
| **POLICE OFFICERS,** : | |
|     **Defendants** : | |

## **MEMORANDUM**

Presently before the court in the above–captioned matter is a motion to dismiss (Doc. 15), filed by defendants the City of Harrisburg, Detective Donald Heffner, and unknown police officers (collectively, where appropriate, "defendants"). Also before the court are motions for leave to proceed *in forma pauperis* (Doc. 19) and for appointment of counsel (Doc. 21), filed by plaintiff Antoine M. Black.

## I.    **Factual and Procedural Background**

The instant motion to dismiss comes before the court pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court will "accept all well-pleaded facts in the complaint as true and view them in the light most favorable" to Black. Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

Black is an adult male who, at the time the complaint was filed, resided in Harrisburg, Pennsylvania. The court has been apprised through later filings that Black is now incarcerated. (See Doc. 19). Defendant Heffner is a detective with the

Harrisburg City Police Department. Black alleges that, on August 17, 2010, he was subject to an illegal search and seizure.

On August 3, 2010, Probation Officer Jenkins[1] reported as stolen a Harrisburg Police Department-issued .45 caliber Sigsaur handgun. Detective Heffner was assigned to investigate the claim of stolen equipment, and on or about August 16, 2010, he interviewed Brittany Harris. Harris claimed to be aware of the stolen gun because of media coverage of the incident, and claimed that she had overheard Black attempting to sell a gun that matched the description of the missing firearm. Harris claimed to know Black's birth date and the birth date of his son, his address, and his living arrangements.

Detective Heffner relied at least in part upon the information he received from Harris in supporting his application for a search warrant. Detective Heffner averred in his affidavit of probable cause that he expected a search of Black's residence to produce evidence of the stolen handgun. On or about August 17, 2010, officers of the Harrisburg Police Department executed a search warrant at Black's residence. Officers found no evidence of the stolen firearm, but seized currency in the amount of $13,940, found in a purse within the home, and $29,000 found in a Tastycake box on the third floor of the residence. No arrests were made, nor charges filed, and the currency, totaling $42,940, was placed into evidence. On March 10, 2011, Black received $28,980 of the seized currency after objecting to a

---

[1] The complaint does not identify Probation Officer Jenkins' first name.

forfeiture proceeding instituted by the Dauphin County District Attorney's Office. Black, represented by counsel, filed a complaint in this court on October 17, 2011, asserting claims under 42 U.S.C. §§ 1981 and 1983, alleging violation of the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and for violation of Article I, §§ 8 and 9 of the Pennsylvania Constitution.

Difficulties arose after the filing of the complaint. On February 9, 2012, Black's attorney Robert S. Mirin passed away. By order dated February 15, 2012, the court stayed proceedings for a period of 30 days to accommodate the appearance of new counsel, or, alternatively, to provide Black with the option to proceed pro se. (Doc. 3). On March 23, 2012, having not heard from him, the court entered an order directing Black to show cause within twenty days why the action should not be dismissed. (Doc. 4). Black responded by filing two motions, dated April 2 and 3, 2012, in which he claimed not to have received the court's first order directing him to enter appearance of new counsel or elect to proceed pro se. He elected to proceed pro se for the time being, but requested a 60 day extension in which to seek new counsel. The court granted Black's request for an extension on April 4, 2012. (Doc. 7). On June 5, 2012, Black notified the court through letter correspondence that he was having difficulty securing replacement counsel and would proceed pro se unless and until he could find a lawyer.

On October 5, 2012, the court issued another show cause order, directing Black to show cause why the case should not be dismissed for failure to serve the

3

summons and complaint, issued to Black on June 5, 2012, within 120 days pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 9). Black replied by letter correspondence on October 11, claiming not to have known that defendants had not yet been served, but that he had since served them. By order dated October 17, the court reissued the summons and directed the Clerk of Court to refer the summons and complaint to the United States Marshal for the Middle District of Pennsylvania, for service on defendants.

Defendants entered appearance of counsel on November 1, 2012, and the court issued a case management order on November 19, 2012. Defendants filed the instant motion to dismiss on December 13, 2012. Black responded by letter correspondence on January 10, 2013, though he presented no argument on his behalf. On March 7, 2013, Black informed the court that he was now incarcerated at SCI Camp Hill. That same day he moved for leave to proceed *in forma pauperis*. On March 13, Black moved for appointment of counsel in accordance with 28 U.S.C. § 1915(e)(1). He included a hand-written copy of the financial affidavit, stating that he was indigent.

## II. <u>Jurisdiction</u>

The court has jurisdiction because the complaint presents a question of federal law, see 28 U.S.C. § 1331, and because Black alleges that he suffered a deprivation of his federally protected rights under color of state law, see 28 U.S.C. § 1343(a)(3).

4

## III. Discussion

The first issue the court must determine is whether Black is entitled to appointed counsel, and if so, what impact such a decision may have on disposition of the pending motion to dismiss.

28 U.S.C. § 1915(e) states that a court "may request an attorney" to represent an indigent civil litigant. Section 1915(e) (previously codified at § 1915(d)) gives courts "broad discretion" to make this determination. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). An indigent civil litigant has no statutory right to appointed counsel, and § 1915(e) does not give district courts the authority to compel an unwilling attorney to represent an indigent litigant – the "operative word" is "request." Id. at 153 n.1 (citing Mallard v. United States District Court for the S. Dist. Of Iowa, 490 U.S. 296 (1989)). That being said, the Third Circuit has instructed district courts to give "serious consideration" to appointment of counsel to represent indigent plaintiffs with claims of arguable merit. Id. at 156. Appointment of counsel may be made "at any point" in litigation. Id. (noting that appointment of counsel may even be appropriate on the eve of trial).

As a threshold matter, the court finds that Black has established his indigence. He is currently incarcerated, and his declaration in support of his motion for counsel establishes that he is currently earning no wages, that his most recent employment was in construction through which he earned about $400 per

5

month,[2] and that he has no other sources of income save his mother, who appears to send him a small amount of money when she is able. (Doc. 20). The court finds that Black has sufficiently established his indigence.

In determining whether to appoint counsel to an indigent civil plaintiff, the district court must consider the merits of the claim. Powell v. Symons, 680 F.3d 301, 308 n.5 (3d Cir. 2012). Appointment of counsel may be appropriate when the plaintiff's claim has at least "arguable merit." Tabron, 6 F.3d at 156. The court finds that there is at least arguable merit to Black's claim. He alleges that defendants executed an illegal search warrant lacking probable cause, during which they found no evidence of crime, and in conjunction with which no charges were filed or arrests made, and yet police seized a significant amount of currency, damaged his property, and disrupted his family, including young children. A portion of the money was returned by order of an arbitration panel, but police have custody of the balance. Defendants dispute the merits of defendants' complaint, and it may be that Black's claims may be narrowed or entirely disposed of on a motion to dismiss. However, the court is reticent to find in favor of defendants in the absence of substantive briefing in opposition.

Having determined that there is arguable merit to Black's claims, the court turns now to an evaluation of whether appointment of counsel is appropriate. The

---

[2] It is not entirely clear from the court's copy of Black's declaration whether his construction job ended in October of 2011 or 2012, but given his present financial condition, the court deems this ambiguity immaterial.

Third Circuit has expounded a non-exclusive list of factors that a district court should consider in determining whether to appoint counsel for an indigent civil plaintiff. These factors include

> (1) plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and plaintiff's ability to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which the case will turn on credibility determinations; and (6) whether the case will require testimony from an expert witness.

Powell, 680 F.3d at 308 n.5 (citing Tabron, 6 F.3d at 155-57). With respect to Black's ability to present his case, such factors as his education, literacy, prior work experience, prior litigation experience, and whether he is incarcerated are relevant considerations. Tabron, 6 F.3d at 156. The court has not been apprised of Black's level of education or prior litigation experience, but he is a prisoner. He has averred in his motion for appointment of counsel that his incarceration will inhibit his ability to pursue his claim because he must conduct significant research and investigation into the factual and legal aspects of his case, and he has limited access to the law library and little knowledge of the law. Black is at severe disadvantage in pursuing his claim due to his confinement.

Black's claim is also relatively complex. While the factual circumstances underlying his claims may not be particularly complicated, his claim nonetheless presents issues of constitutional law, including but not limited to the evaluation of probable cause. Representation will aid Black in pursuing his claims, and the court in determining the proper resolution thereof. See id. at 156 ("courts should be

7

inclined to appoint counsel if the legal issues are complex" (quotation marks and citation omitted)).  The credibility of witnesses may also prove to be a critical issue in Black's case, effective examination of whom will be greatly aided by counsel.  Furthermore, Black has spent a significant portion of time attempting to find counsel, and the court is persuaded that he was not merely resting on his laurels while his case languished on the docket.  See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989).

The court finds that it is appropriate to seek counsel for Black pursuant to § 1915(e).

### III.   **Conclusion**

The court would be remiss if it did not recognize the burden placed on defendants by its decision.  This case has been in limbo for a significant period of time, and defendants' interest in moving forward is substantial.  However, Attorney Mirin's passing was an event that no party could have anticipated, and the court is persuaded that Black made good faith efforts to secure replacement counsel.  His incarceration presents a serious obstacle to his ability to present his case, and his claims have at least arguable support in fact and law.

The court will hold in abeyance defendants' motion to dismiss pending resolution of the counsel issue.  If pro bono counsel for Black cannot be secured, he will be required to proceed pro se, and the court will address defendants' motion.

An appropriate order will issue.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge

Dated:        May 14, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTOINE M. BLACK**, : Plaintiff, : : v. : : **THE CITY OF HARRISBURG, PENNSYLVANIA, DETECTIVE DONALD HEFFNER and UNKNOWN POLICE OFFICERS**, : : : : Defendants : | Civil Action No. 1:11-CV-1912 (Judge Conner) |

## **ORDER**

AND NOW, this 14th day of May, 2013, upon consideration of plaintiff Antoine M. Black's motion for leave to proceed *in forma pauperis* (Doc. 19) and motion to appoint counsel (Doc. 21), and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. Black's motion for leave to proceed *in forma pauperis* is GRANTED.

2. In accordance with the court's *Pro Bono Attorney* program, Black shall be conditionally appointed counsel.

3. The Clerk of Court is directed to FORWARD (1) a copy of this order; (2) the complaint (Doc. 1); (3) defendants' motion to dismiss and supporting brief (Docs. 15, 16); (4) Black's response (Doc. 17); and (5) a copy of the docket sheet to the pro bono chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association.

4. Within thirty days from the date of this order, the pro bono chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association shall NOTIFY the court in writing whether a volunteer attorney will enter his or her appearance on behalf of Black.

5. If counsel cannot be found to represent Black within a reasonable period of time, the conditional order for appointment of counsel will be revoked, and Black will be required to proceed with his case without counsel.

6. Defendants' motion to dismiss (Doc. 15) will be held in abeyance pending resolution of the counsel issue.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge